### MICHAEL NEWELL, RESPONDENT, v. EDWARD H. BUTLER, APPELLANT.

*Bill of particulars in an action for libel — a party cannot be compelled to disclose his evidence — a bill of particulars cannot be required as to matters pleaded only in mitigation of damages.*

APPEAL from an order of the Erie Special Term, directing the defendant to furnish a bill of particulars of a portion of his answer.

This is an action for damages for an alleged libel concerning plaintiff published in defendant's newspaper, the "Buffalo Evening News." The answer admits the publication, but contains the following allegations in mitigation of damages, "that each and all of the articles so alleged to have been published of and concerning said plaintiff, were published in good faith as a matter of news,

concerning an individual whose citizenship had been frequently called in question, and concerning which an action was then pending in the Supreme Court of this State, and who was then holding a public office of great importance, and that as to said plaintiff said defendant has no evil or malicious intent. Defendant further alleges that at the time of the publication of said article referred to in said complaint, it was well known and generally understood that said Michael Newell, this plaintiff, was born in Ireland, and that neither he nor his parents had ever been naturalized under the laws of the United States, and he was then under bonds to answer to a charge of holding a public office, being an alien, and it was at that time reported to the office of the Buffalo Evening News, by persons not connected therewith, whom defendant believes to be reliable persons, that criminal warrants were about to be issued against said Newell on behalf of the State of New York and the United States for illegal voting, and the same was published as a matter of news and not otherwise, and at the time of said publication the agents and servants of defendant believed the same to be true." The order appealed from requires the defendant, within ten days after service of a copy thereof, to make and serve upon plaintiff's attorneys " a bill of particulars, duly verified, stating the name or names, and place or places of residence, or other definite description of the person or persons who reported to the office of the Buffalo Evening News, that criminal warrants were about to be issued against the plaintiff, on behalf of the State of New York or the United States, for illegal voting, and also specifying the report or reports so made."

The court at General Term said : " The appellant's counsel insists that no bill of particulars should be required concerning the matters set up in the portion of the answer to which the order appealed from is directed, since those matters were expressly pleaded in *mitigation of damages* only and not in justification, for the reason that, under section 536 of the Code of Civil Procedure, if no answer had been interposed at all, and the defendant was in default for want thereof, he would be entitled to prove in mitigation all the matters alleged in the portion of the answer referred to before a sheriff's jury called for the purpose of assessing damages ; that it would not have been necessary to give plaintiff any information

whatever concerning the matters he desires in his moving papers, nor would he have had any information that they were to be proven, and that therefore the mere fact that defendant has given him notice of what he expects to prove in mitigation of damages should not entitle him to a bill of particulars. There is much force in this argument, but for the purposes of this case it is not necessary for us to pass upon the point contended for, namely, that a bill of particulars should not be required in reference to matters pleaded in mitigation of damages only, for we are clearly of the opinion that the order is erroneous in that it calls upon the defendant to disclose *evidence* of the facts alleged in his answer, and not to furnish additional or more definite *facts* of which it is proper that the plaintiff should be apprised. As we have said in the case of *Ball* v. *The Evening Post Publishing Company*, decided at the present term,* the result of the numerous reported adjudications relating to the scope and nature of a bill of particulars is that its only proper office is to give information of the specific proposition for which the pleader contends in respect to any material and issuable fact in the case, but not to disclose the evidence relied upon to establish any such proposition. Where the original pleading itself states the propositions or facts relied upon so specifically and particularly, as that to require the party pleading to give further information in reference thereto, would be to force him to disclose the evidence which he expects to produce to support them, a bill of particulars is uncalled for. The answer as it stands states the time when the information upon which defendant relies in mitigation of damages was given, namely, at the time of the publication of the article referred to; it states the place where such information was given, namely, the office of the Buffalo Evening News; it states the report or reports made, namely, that criminal warrants were about to be issued against said Newell, on behalf of the State of New York and the United States, for illegal voting; and it states that such reports were made by persons not connected with the newspaper, and that the defendant believed them. Who these persons were is mere matter of evidence, and the order appealed from seems to serve no other purpose than to require the defendant to disclose the names of his witnesses.

* Reported, *ante*, p. 11.

" We are of the opinion that the order was improvidently granted, and should be reversed, with ten dollars costs and disbursements, and the motion should be denied."

*Porter Norton,* for the appellant.

*Day & Romer,* for the respondent.

Opinion by SMITH, P. J.; BARKER and BRADLEY, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion for bill of particulars denied.